## FUSSELL *v.* MALLORY.

Opinion delivered February 6, 1911.

COUNTY LEVYING COURT—LIMIT OF APPROPRIATIONS.—Under Kirby's Digest, § 1500, providing that "the total amount of appropriations for all county purposes for any one year shall not exceed 90 per cent. of the taxes levied for that year," a county tax levy will not be invalid on collateral attack because the levying court appropriated an amount in excess of the above limit, in the absence of any affirmative showing that the county had no funds derived from other sources.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Walter Gorman,* for appellant.

No tax shall be levied except in pursuance of law. Art. 16, § 11, Const.; art. 7, § 30, *Id.* The total amount of appropriations for all county purposes for any one year shall not exceed 90 per cent. of the taxes levied for that year. Kirby's Dig., § 1500. See also *Id.,* § 1499, subdiv. 8.

An appropriation in excess of constitutional or statutorv limitation is void. 27 Am. & Eng. Enc. of L. 868; 13 Col. 316;

22 Pac. 464; 52 N. Y. 556; Cooley, Const. Lim. 69, 70; 34 Ark. 310; 32 Ark. 496. See also art. 16, § 12, Const.

*R. J. Williams, Mann & Rollwage* and *Norton & Hughes,* for appellee.

The statute provides that appropriations shall not exceed 90 per cent. "of the taxes levied;" but this court has uniformly held that they may be as much as 90 per cent. of the "taxes levied" *and all fines, forfeitures and license fees belonging to the county.* 34 Ark. 307; 80 Ark. 280.

KIRBY, J. This suit is by appellants, taxpayers, to enjoin the collection of the five-mill tax for county general purposes levied by the quorum court of St. Francis County at the regular annual meeting thereof on the first Monday in October, 1910.

The order of the court making the appropriation for the year and the five-mill tax levy were set out in the complaint, and it was alleged "that, the total assessed valuation of the property of St. Francis County for the year 1910 being $6,088,820, as shown by said order, a tax of five mills on each dollar thereof will produce the sum of $30,444.10, 90 per cent. of which is $27,399.66. That the total amount of appropriations for all county purposes for the year 1910, as made by said quorum court, towit, $29,648.00, exceeded by $2,248.31 the 90 per cent., towit, $27,399.69, of the taxes levied by said quorum court for said year 1910, and therefore said county general tax of five mills on each dollar of the assessed value of the property in St. Francis County for the year 1910, was not appropriated and levied by said quorum court in pursuance of law," etc.

A general demurrer was interposed by appellee and sustained, and, appellant electing to stand on the complaint, it was dismissed for want of equity, and he appealed.

It is contended that the tax levy was illegal and void because the amount of the appropriations for all county purposes exceeded 90 per cent. of the taxes levied for the year.

Sections 1494 to 1509 of Kirby's Digest prescribe the duties of the quorum court in the levying of the county taxes and making appropriations for the expenses of the county. By section 1499 the county clerk is required to submit a full written report and statement of the financial condition of the county, showing the amount of revenue received and the sources thereof

during the twelve months next preceding the meeting of the court, the appropriations made at the previous term, the amount of each drawn and any unexpended balance or deficit, the total value of the taxable property of the county, etc. The sheriff is required to make written report of the county revenue collected by him from all sources during said time; and the treasurer a statement of all funds received by him and on what account during said period of time. After these and all other reports specified are submitted, the court makes the appropriations for the expenses of the county and the levy of the county taxes for the current year.

Section 1500 provides: "The court shall specify the amount of appropriations for each purpose in dollars and cents, and the total amount of appropriations for all county purposes for any one year shall not exceed 90 per cent. of the taxes levied for that year."

In this case the court appropriated $29,648.00 for all county purposes, and levied a five-mill tax on the assessed valuation of the real and personal property. Ninety per cent. of the taxes levied amounted to $27,399.69, which the appropriations for the year exceeded by the sum of $2,248.31, as alleged in the complaint and admitted by the demurrer.

The appropriations were general, and not limited to payment out of revenue derived from any particular source, and this section of the statute does not prevent the court from also appropriating the revenue accruing to the county from licenses, fines, penalties and forfeitures, as held in *Allison* v. *Jefferson County,* 34 Ark. 307.

In *Kerwin* v. *Caldwell,* 80 Ark. 282, this court said: "The true construction of section 1500 was given by Mr. Justice EAKIN in *Allison* v. *Jefferson County,* 34 Ark. 377: "The policy of the act seems to be to check extravagance in appropriations with reference to contracts, rather than to encourage the accumulation of funds in the county treasuries. The particular limitation of 90 per cent. was, obviously, to provide that the taxes collected might meet the appropriations by allowing for 10 per cent. for loss or delinquency. It was not to retain 10 per cent. of each year's levy in the treasury as a sinking fund. * * * Nor does it seem that the Legislature had in view, in this section,

the revenue to arise from fines, forfeitures, penalties or licenses. * * * They belong to the county for county purposes, and it would be absurd ·in the Legislature to prevent the counties from using them because the whole amount to be used would exceed 90 per cent. of the levied taxes. There is no tie between the subject-matter, nor any conceivable policy making one control the other. The statute, on this point, means simply to say that, of the taxes levied and to be extended on the tax books for county purposes, not more· than 90 per cent. shall ·be appropriated for that year. A very wholesome provision, inasmuch as perchance, and very probably, not more than that might be collected. This does not prevent the county from using revenues undoubtedly her own, upon a proper appropriation by a full court." And continuing: "The statute is not an inhibition upon proper county appropriations of the available county funds on hand, and it is a mere limitation on using more than 90 per cent. of the one class of the county funds, towit, the amount receivable from the tax levy."

It is true that in the first case cited the quorum court only appropriated an amount equal to 90 per cent. of the taxes levied for the year, and on another day made other appropriations to ·be paid out of the revenue estimated to accrue from licenses, fines, penalties and forfeitures, and in the latter that, although the appropriations were in excess of 90 per cent. of the taxes levied, the proof showed that there was cash in the county treasury subject to appropriation which, with the estimated revenue from liquor licenses, etc., and the taxes levied, greatly exceeded the appropriations, while here there is no showing of any cash on hand or estimated revenue from any other source.

These cases only challenged the appropriations, and not the tax levy, and it is held in both that in making appropriations the cash on hand not appropriated and the revenue arising from other sources than the taxes levied may be taken into consideration; and, while the amount of this is not disclosed in the case at bar, it was all before the quorum court in the sworn report of the officers required to show the true financial condition of the county; and, since it was their duty, they are presumed to have made the appropriations having due regard to the necessary expenses of the county and its ability to pay from all its

sources of income; and especially is this true in the absence of a showing to the contrary, upon collateral attack of their judgment.

We judicially know that the county has these other sources of revenue. However, we do not mean to hold that, even if such contrary showing were made, the tax levy would be invalid.

Since said section only limits the use to not more than 90 per cent. of the revenue derived from one source, the taxes levied, and is not an inhibition upon proper appropriations of the available revenues of the county, and since the amount thereof shows the necessity for the levy of the five-mill tax which was properly done, the levy is valid, and the court committed no error in dismissing the complaint.

The judgment is affirmed.